## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**AVA LONETTE WILLIAMS,**

     **Plaintiff,**

**vs.**                              **Case No. 4:25-cv-70-MW-MAF**

**WARREN JAMES PEARSON,**

     **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this case by submitting a typed complaint against an attorney who represented her in an employment discrimination case. ECF No. 1. Plaintiff has paid the filing fee. ECF No. 2. There are a myriad of deficiencies in the complaint—for example, it is an unsigned shotgun pleading that exceeds the maximum page limit and is not on the required court form. But even if the complaint was signed and compliant with the Local Rules, dismissal would still be warranted because there is no federal jurisdiction.

## I.    Allegations of the Complaint, ECF No. 1

The following facts are taken directly from Plaintiff's complaint. Plaintiff is a resident of Lakeland, Florida. The events at issue occurred in 2023 when she filed a federal employment discrimination lawsuit in the Middle District of

Florida, Case No. 8:23-cv-395. Representing her throughout the litigation was Defendant Pearson, a Florida resident and attorney whom Plaintiff privately retained. In August the parties agreed to a $35,000 settlement. Based on the terms of the agreement, Plaintiff expected to receive the funds within twenty days of signing, or around September 14th. Defendant explained some of the internal firm accounting practices which could delay Plaintiff's receipt of the check. There was also confusion as to whether the opposing parties were going to countersign the settlement agreement. Ultimately these issues resolved and by the end of September, Plaintiff received her portion of the settlement funds and Defendant filed a notice of voluntary dismissal.

Despite the above, Plaintiff believes she should have received the money sooner. She asserts state law claims of embezzlement, intentional infliction of emotional distress, legal malpractice, legal malfeasance, and wire fraud.[1] She seeks unspecified compensatory and punitive damages.

## II.    Discussion

Subject-matter jurisdiction is a threshold determination that may be

---

[1] Plaintiff cites to Florida Statutes for all claims except legal malpractice/malfeasance. The Court construes the legal malpractice claims to be under Florida's tort of general negligence. Plaintiff cites to Florida's criminal statutes concerning wire fraud and embezzlement.

raised by the Court sua sponte. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); <u>See also</u> <u>Univ. of S. Ala. v. Am. Tobacco Co.</u>, 168 F.3d 405, 410 (11th Cir. 1999) (stating that a court should determine whether it has jurisdiction "at the earliest possible stage in the proceedings" and that "a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking"). It is Plaintiff's burden to establish subject-matter jurisdiction. <u>Sweet Pea Marine, Ltd. v. APJ Marine, Inc.</u>, 411 F.3d 1242, 1247 (11th Cir. 2005).

Plaintiff claims this Court has jurisdiction pursuant to 28 U.S.C § 1331, the federal question provision. ECF No. 1 at 3. However, Plaintiff brings only state law claims, specifically referencing the state statutes. No federal questions are presented nor can the Court reasonably construe any arising from Plaintiff's complaint. Next, there is not diversity in citizenship to provide this Court with original jurisdiction to hear the state law claims. Both Plaintiff and Defendant are residents of Florida. <u>See</u> 28 U.S.C § 1332(a).

## III.    Recommendation

For the reasons stated above, it is respectfully **RECOMMENDED** that this case be **DISMISSED** for lack of subject-matter jurisdiction.

**IN CHAMBERS** at Tallahassee, Florida on February 20, 2025.

<u>s/ Martin A. Fitzpatrick</u>
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. <u>See</u> 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).**